IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01950-RBJ-CBS

TERESA GARCIA,

      Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF'S OFFICE,
J. GRAYSON ROBINSON, in his personal capacity,
DAVID WALCHER, in his personal capacity,
VINCE LINE, in his personal capacity
DAVID WELLMAN, in his personal capacity
TOM McNIVEN, in his personal capacity
MARK CAMPBELL, in his personal capacity

      Defendants

---

## STIPULATED PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that (1) may be entitled to confidential treatment under the Privacy Act, 5 U.S.C. § 552a; (2) may otherwise intrude on the privacy interests of third parties; or (3) which will improperly annoy, embarrass, or oppress any party, witness, third party, or person providing discovery in this case,

IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests

for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.     Documents, material and information designated "CONFIDENTIAL" shall be documents, material and information that is confidential or implicates common law or statutory privacy interests, including confidential or private medical and/or mental health information, financial or tax information, information on discipline or termination from employment, information protected under the Colorado Open Records Act or the Colorado Criminal Justice Records Act, information contained in personnel files of individuals who are not parties to this lawsuit, or arrest and criminal records information of (a) Plaintiff, and; (b) Defendant and current or former employees of the Defendant; and (c) all third parties to this action.  Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case, and except as authorized by the strict terms of this Protective Order.

4.     The parties note that some confidential and/or private information may have been previously disclosed or produced, or discovered informally in this case.  The parties shall have thirty (30) business days after the Court issues this Proposed Protective Order to specifically identify and designate, in writing, by description and by Bates number, if available, all previously disclosed, produced, and/or discovered CONFIDENTIAL

information.  During this thirty (30) business day period, all information that has been previously disclosed or produced, or discovered informally or through deposition in this case, shall be presumed to be CONFIDENTIAL information.  Any such information that has not been identified and designated, in writing, as CONFIDENTIAL information at the expiration of this thirty (30) business day period shall lose its presumptive characterization as CONFIDENTIAL information.

5.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") identified in accordance with paragraph 3 of this Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

   (a) attorneys actively working on this case and attorneys employed by Plaintiff or Defendants;

   (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by the attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c) the parties, including the employees for the Sheriff of Arapahoe County, Colorado who have information relevant to the issues involved in this lawsuit.

   (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   (e) the Court and its employees ("Court Personnel");

   (f) court reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the respective parties to this case, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if opposing counsel demonstrates good cause for review as demonstrated by opposing counsel.

7.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL," or as designated pursuant to paragraph 4 above. Any such designation must first be reviewed by an attorney, and the designation shall be deemed a certification by the designating party's attorney that the designation as confidential is based on a good-faith belief that the information is confidential, including, without limitation, what is described in this Order or otherwise entitled to protection under Fed.R.Civ.P. 26(c)(1)(G).

8.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the

-4-

designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript, or within thirty (30) days after entry of this Order, whichever is later.

9.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within 20 business days requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.    Should the parties desire to submit to the Court any CONFIDENTIAL information (whether in a discovery dispute, on the merits, or otherwise), any such documents or information shall be filed under seal with the Clerk of the Court in accordance with D.C.COLO.LCivR 7.2 and 7.3. or any other rules promulgated by the United States District Court for the District of Colorado in effect at the time the documents are filed.

11.     At the conclusion of this case and any possible appeal or other judicial review, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be retained in a secure location by the possessing counsel and continue to be subject to the terms of this Order or such d documents shall be destroyed in a manner mutually agreeable to the parties.

12.     Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

13.     By executing this Stipulated Protective Order, neither party waives any objection he or it may have to producing any document or information during disclosure or discovery.

14.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

      DATED this 2nd day of January, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

APPROVED:

*s/ Joseph A. Salazar*
THE SALAZAR CONSULTANT
GROUP, LLC
Joseph A. Salazar, Esq.
2318 E. 116th Avenue
Thornton, Colorado 80233
 (303) 895-7044
(303) 452-5601 (fax)
jsalazarlaw@hotmail.com
Attorney for Plaintiff

*s/ Robin Cochran*
Robin Cochran
Asst. Arapahoe County Attorney
5334 S. Prince Street
Littleton, CO  80120-1136
(303) 795-4639
(303) 738-7836 (fax)
RCochran@co.arapahoe.co.us
Attorney for Defendants

-6-